# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY, | Case No. 1:18-cv-01244-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA |
| v. | (ECF No. 21) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act.

On March 8, 2019, Plaintiff submitted an AO88 form entitled "subpoena in a civil case," to the Court. (ECF No. 21.) In the form where the issuing officer is directed to sign the subpoena, Plaintiff signed the form herself, despite the fact that she is *pro se*, and not an attorney or officer of the Court, and therefore the Court construed and docketed the submitted form as a request for subpoena. (Id.) The subpoena is directed at the Social Security Office in Hanford, California, and demands production by March 22, 2019, of phone call recordings that took place between Plaintiff and the office on January 30, 2019. (Id.) The attached certificate of service

indicates she has already served the subpoena on the witness. (Id.)

The Court has jurisdiction to review a final social security decision pursuant to 42 U.S.C. § 405(g). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . As part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . The court may . . . order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. § 405(g). Thus, Section 405(g) only provides for one mechanism for supplementation of the record and remand for further review by the commissioner, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). While Section 405(g) does not explicitly preclude discovery in the district court, the Court's review is generally limited to the administrative record, and thus discovery is not appropriate. See Brown v. Sullivan, 916 F.2d 492, 494 (9th Cir. 1990) (stating that "discovery is not ordinarily available in social security matters"); Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992) ("An adequate hearing record is indispensable because a reviewing court may consider only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings."); Harman v. Apfel, 211 F.3d 1172, 1177 (9th Cir. 2000) ("As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record."); Boakye-Yiadom v. Comm'r of Soc. Sec., No. 4:13-CV-03076-KAW, 2014 WL 4087966, at *3 (N.D. Cal. Aug. 19, 2014) (noting that "in Social Security cases, the court's review is limited to the administrative record, and thus, discovery is not appropriate."); Oberdieck v. Astrue, No. 1:10CV01692 AWI

DLB, 2011 WL 3501153, at *9 (E.D. Cal. Aug. 8, 2011) (same).

It appears that in the rare case supplemental discovery is allowed in the district court, it is to address potential bias of an administrative law judge. See Haseltine v. Astrue, 668 F. Supp. 2d 1232, 1233 (N.D. Cal. 2009) (denying discovery in social security appeal, noting "there is no authority in this Circuit for allowing discovery in a civil action under § 405(g)," and holding even if Third Circuit law allowing discovery to show bias of ALJ applied, party did not meet that standard).

Therefore, because discovery is not appropriate in social security appeals, Plaintiff's request shall be denied. Additionally, an exploration of whether an exception to this rule applies is premature, as an administrative record has not yet been filed in this matter, and Defendant has filed a motion to dismiss this action arguing that Plaintiff has not yet exhausted the administrative appeal process. (ECF No. 17.)

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for subpoena, filed March 8, 2019 (ECF No. 21), is DENIED.

IT IS SO ORDERED.

Dated: __**March 14, 2019**__

UNITED STATES MAGISTRATE JUDGE