# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01244-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS ACTION TO A DISTRICT JUDGE<br><br>(ECF Nos. 13, 17, 19, 25)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## INTRODUCTION

Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a non-final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") regarding her disability benefits pursuant to the Social Security Act. Currently before the Court is Defendant's motion to dismiss this action for lack of jurisdiction due to Plaintiff's failure to exhaust administrative remedies, filed on February 19, 2019. (ECF No. 13.) On March 4, 2019, Plaintiff submitted what she titled a "motion to oppose Defendant's motion to dismiss," and a "motion to dismiss Defendant's motion to dismiss," which the Court construes as an opposition to Defendant's motion to dismiss. (ECF No. 17.) On March 7, 2019, Defendant filed a reply in support of the motion to dismiss. (ECF

No. 19.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument.

### A. Plaintiff's Complaint

As the question of whether Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies is dependent on what type of claims are brought within the complaint, the Court attempts to derive the claims found within the filings.  Plaintiff's filings are difficult to cohesively understand, however given she is a *pro se* litigant, the Court construes her filings liberally.  Hughes v. Rowe, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.' ") (citation omitted).

In Plaintiff's complaint filed on September 13, 2018, the initial caption page is titled "review of social security disability and supplemental income discisions [sic]," and the initial three pages appear to be a proposed order, with proposed relief centering around modification of social security benefits.  (Compl. at 1-3, ECF No. 1 (capitalization altered).)  On page four is another caption which reads "review of social security disability and supplemental security income decisions," "SSA Title II – Violations," "SSA Title XVI – Violations," "SSA POMS – Violations," and "Civil Rights Violations."  (Compl. at 4 (capitalization altered).)[1]  Plaintiff names three defendants: 1) the Social Security Office in Hanford, California; 2) Deborah Stachel, identified as the Social Security Administration's Regional Chief Counsel; and 3) "Vacant – Social Security Administration Acting Commissioner."  (Compl. at 4-5.)

Under jurisdiction, Plaintiff states: "This Action is seeking Court review of 'Non-Interactive Process' of the Social Security Office in Hanford . . . and Requesting . . . a Court Order to Halt current procedures and to Comply with the Plaintiff's Request for Hearings for Reconsiderations of SSA Decisions involving the issues stated in this Complaint, below."  (Compl. at 6.)  Here, Plaintiff also states the SSA has "already committed offenses against the SSA P.O.M.S the SSA Title XVI Under 42 U.S.C. sec. 405(g) . . . and SSA Title II under 42

---

[1]  "POMS" refers to the Program Operations Manual System which is used by the SSA to process claims for social security benefits.

U.S.C. sec. 1383 (c)(3) . . . [a]lso violating my Civil Rights and the American Disabilities Act, of which, I am, an Elder Disabled Nature Born Citizen of this State of CA and of the United States of America." (Compl. at 6.)

Under the heading statement of claims, Plaintiff states that the SSA office in Hanford "has NOT PROVIDED AN INTERACTIVE PROCESS with Plaintiff Requests for 'Reconsiderations of Decisions' Request for Formal Conference as Dated on August 9th, 2018 – Regarding SSA Letter Dated August 4th, 2018 – (EXHIBIT #1) . . . (EXHIBIT #2) Plaintiff's Response as requested by SSA Instructions." (Compl. at 6.)

Under the heading legal issues, Plaintiff states violations of "SSA POMS: SI-02201025-(A)-Missing information in overpayment SSA letter. Also, collection violations of SSR-79-4; SSA Act 207; 42-U.S.C. 407.652(B); 42 U.S.C. 407.659; 42 U.S.C. 407.662 (F) – Levying of benefits. No response from this office. To Plaintiff's Request. August 10th, 2018- (Exhibit # 3 & 4) – This SSA Office mails a SSI Termination Letter (15 pages) – First page and page of problematic legal issues." (Compl. at 6.)[2]

The Complaint then describes attached exhibits. Plaintiff writes that Exhibit 3 shows allowable countable income is at $750.00 per month, and "wants to know Where is my missing $633.00 which this Office states I receive AS COUNTABLE INCOME FOR THIS MONTH?" (Compl. at 7.) She then writes SSI means test capped at $2,000 per individual, and states this letter is wrongfully calculated, and shows fraud and illegally depleting the administration's resources. (Id.) She writes Exhibit 6 is an August 12, 2018 request for hearing for administrative law judge, and states no response from this office. (Id.) Plaintiff then writes that on August 22 and August 31, 2018, Defendant sent collection letters asking for Plaintiff to use a credit for overpayments, and cites "new law," but "fail[s] to identify it," citing Exhibits 7 and 8. (Id. (capitalization altered).) Plaintiff also claims interreference with the transfer of her

---

[2]  The Court notes that SSR 79-4 deals with the general exemption of social security benefits from levy or garnishment, aside from certain exceptions, such as child support or delinquent taxes.  SSA Act 207 refers to 42 U.S.C. § 407, which provides that the right of benefit payments is not transferable or assignable, nor subject to levy or garnishment, unless the future law expressly refers to this provision.  The remaining codes referenced are cited incorrectly, but appear to refer to 42 U.S.C. §§ 652(b), 659, and 662(f), which pertain to certification of child support payments for collection, 42 U.S.C. § 652(b), income withholding for child support and alimony, 42 U.S.C. § 659, while 42 U.S.C. § 662(f) is a repealed statute that provided definitions for 42 U.S.C. § 659.

California health insurance card and fresh food stamps by "not inputting into their computer SSI termination," citing Exhibits 9 and 10. (Compl. at 7-8 (capitalization altered).) Plaintiff also states that notice from the state of California "regarding that my medical insurance is to be retained, which this office can not supply this information, an d [sic] refuses to release it' hold' allowing stravation [sic] and no medical insurance to the disabled, poor, and elderly," citing Exhibits 11 and 12. (Compl. at 8.) Finally, Plaintiff notes other violations of "62 Id sec. SI 04020.010. SSA P.O.M.S. – SI-02301.300; DUE PROCESS- SI-092301.301 SI-02220.017; 20 CFR 416.1336; SS GN 02201.025 ETC." (Compl. at 8.)[3]

As for relief, Plaintiff requests: 1) payments estimating $20,969.00 for the period of 2016-2018, citing Exhibits 13 through 22; 2) requesting Defendant to produce records from 1990s to 2016 to complete under payment pay-offs; 3) a copy of the Social Security Handbook and POMS manual; 4) a court order halting the SSA office in Hanford from pursuing collections and ordering compliance with denied conferences; 5) modification of Defendant's decision to grant benefits starting at the federal rate of $750.00 per month, retroactive to the date of initial disability; 6) compensation in the amount of $5,000.00 for filing this as a *pro se* litigant, plus payments to the court and U.S. Marshal's office for services; 7) in addition to a reference to a $500,000.00 out of court settlement offer.

### B.    The Exhibits Attached to Plaintiff's Complaint

Plaintiff's Exhibit 1 is Form SSA-561-U2, Request for Reconsideration, which Plaintiff filled out and is signed by Plaintiff, dated August 9, 2018. (ECF No. 1 at 12.) It states the issue being appealed is SSI overpayment, and she checks the box requesting a formal conference. Exhibit 2 is a letter dated August 4, 2018, which states that "[a]s we told you before, we are withholding part of your check to get back money you were overpaid. Starting September 2018, we will start withholding $91.07," from Plaintiff's monthly SSI payments. (ECF No. 1 at 13.) It also states Plaintiff has a right to appeal within sixty days using the Request for Reconsideration form. (ECF No. 1 at 14-15.) Exhibit # 3 is a Notice of Planned Action from the SSA, dated

---

[3] The referenced sections appear to be derived from the POMS, and reference rules pertaining to reconsideration of overpayment determinations.

August 10, 2018, which states that the agency plans to lower Plaintiff's SSI payment from $117.72 to $0.00 beginning in September of 2018, because "your situation changed," and also states they are changing the amount Plaintiff was due for August 2018 because Plaintiff's "other income increased." (ECF No. 1 at 17.) Exhibits 4 and 5 are notices of action from California Health and Human Services Agency, stating that as of August 21, 2018, the county had denied her application for CalFresh because she had been approved for or is receiving aid from an SSI/SSP program, and denied an application for Medi-Cal because she is already receiving Medi-Cal benefits. (ECF No. 1 at 21-22.) Exhibit 7 is a letter from what appears to be a landlord stating that Plaintiff has paid for rent for certain months, but is not requiring further rent at the moment because of Plaintiff's low income. (ECF No. 1 at 24.)

Of significance to the exhaustion issue, Plaintiff attaches as Exhibit 8, a request for hearing by administrative law judge form, dated August 12, 2018, and written at the top, Plaintiff handwrote in: "MAILED 8/13/18." On the form, Plaintiff states she disagrees with the determination because "office violating CFRS-SSI & SSDI – POMS," "confistcation [sic] of SSI benefits no notice to beneficiary," "money plenaties [sic] out of SSI – because homelessness – inability to pay," SSA [illegigble] – violations of discrimination self enrichment – POM violations from this office." (ECF No. 1 at 25 (capitalization altered).)

Exhibit 9 is a printout from the SSA website, dated September 9, 2018, showing that Plaintiff has an overpayment balance of $486.00 and that $81.00 a month is being withheld from the benefit payment. (ECF No. 1 at 26-27.) Exhibits 10 and 11 are an SSA billing statement dated August 22, 2018, and a notice dated August 31, 2018, showing an overpayment balance due of $517.92, and stating $81.00 a month will be withheld unless paid within thirty days, with a resulting reduced monthly payment of benefits of $732.00 until May of 2019 when the overpayment balance would be satisfied. (ECF No. 1 at 28.) Exhibit 13 is a website printout appearing to show the amounts Plaintiff received in retirement and disability benefits from September 2016 until August 2018. (ECF No. 1 at 37-44.)

C.      Plaintiff's Supplemental Complaint

On March 18, 2019, Plaintiff filed what she tiled a "continuance of filed original

complaint additional violations," which the Court docketed as a supplement to the complaint. (ECF No. 25.)  Here, Plaintiff's caption page identifies the following claims: 1) "18 U.S.C. CH 47: Fraud and False Statements;" 2) "18 U.S.C. Sec. 1018-Official Certificates or Writings;" 3) "18 U.S.C. Sec. 1030 (C)-Fraud & Related Activity in Connection with Computers;" 4) "18 U.S.C Sec. 641-664-Embezzlement;" and 5) "U.S. Justice Dept. Criminal Resource Manual Sec. 1661.- Protection of Government Property – Embezzlement of Public Funds. 18 U.S.C. Sec. 644; 648; 649; 651; 652; 653; 654."  As examples of false statements, Plaintiff cites statements in the August 4, 2018 letter from Defendant which states "as we told you before," "we will withhold 10 percent of your SSI money," and the statement that "you can review the information in your case," and get copies of records.  (ECF No. 25 at 7.)  For fraud related in connection to computers, Plaintiff cites, for example, the fact that the SSA website allegedly has a false entry of a payment of $117.72 for August 2018, and then falsely generated an overpayment notice dated September 15, 2018.  (ECF No. 25 at 9.)

Plaintiff's filing then asks questions such as: 1) "why, did the SSA require copies of Plaintiff Prose's Credit Reports form the 3 Credit Reporting Agencies in the years between 2013-2015;" 2) "Does this Administration have an Agreement with HUD's Federal Public Funding to absorb SSI Federal Public Funding for housing purposes in order for the SSA to with hold SSI's Federal Public Funding from the People of the United States . . . ;" and, among others 3) "where does the SSA come to assume that this administration has a U.S. Constitutional right to create an unecessary [sic] need, (for the sole purpose only for this administration) when there is no need to create but forces this created need upon the people of the United States, who has business with this administration?"  (ECF No. 25 at 11.)  Plaintiff also cites violations of universal human rights, the California state constitution, and the laws of various other states.

## II.

## LEGAL STANDARD

Federal Courts are courts of limited jurisdiction with no inherent subject matter jurisdiction and they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate.  See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377

(1994).  A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When an attack is facial, the court confines its inquiry to allegations in the complaint, and when factual, the court may look beyond the complaint.  Id.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage v. Glendale Union High School District No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.  See Kokkonen, 511 U.S. at 377 (in case involving Rule 41 dismissal, noting generally "[i]it is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (noting same in regards to removal jurisdiction); Griffin v. W. Bay Properties, Inc., No. CV 10-7072 PSG FFMX, 2011 WL 2437493, at *1 (C.D. Cal. June 17, 2011) (noting same in context of 12(b)(1) motion to dismiss).

**III.**

**DISCUSSION**

**A.**     **The Parties' Contentions**

In August of 2018, the SSA advised Plaintiff that it was going to withhold a portion of Plaintiff's monthly SSI benefits in order to recover an overpayment.  (Def. Mot. Dismiss ("Mot.") at 3, ECF No. 13; Compl. at 13.)  Also, in August of 2018, the SSA advised Plaintiff that her monthly SSI benefits were being reduced to zero due to changes in her living arrangements.  (Mot. at 3; Compl. at 17.)  At the end of August 2018, because the overpayment was still outstanding, SSA informed Plaintiff that it would deduct a portion of her retirement benefits until the overpayment was paid in full.  (Mot. at 3; Compl. at 28-34.)

Defendant argues that Plaintiff has not demonstrated in any of her filings that she has

completed the four-step administrative process to obtain a final decision as required before she may seek judicial review of a social security benefits decision, and therefore this Court lacks jurisdiction to hear her case. (Mot. at 4-5.) Defendant notes that while Plaintiff attaches a request for reconsideration and request for hearing to her complaint, Plaintiff does not provide any proof that such documents were in fact mailed or delivered to the agency. (Mot. at 5.) Defendant states that SSA's records do not show that Plaintiff submitted those documents or took other steps to appeal or waive the overpayment, and provides a declaration from Ronda Qunitero, the Operations Supervisor for SSA's Hanford Office. According to Ronda Qunitero, as Operations Supervisor, she provides oversight and supervision over record-keeping in connection with benefit programs, and based on her review of the records and information from personnel, Plaintiff has not filed either a request for reconsideration or request for hearing to appeal the assessment or recover of the SSI overpayment, nor has she visited the Hanford office to discuss the overpayment since at least August 1, 2018, nor has she filed a request for SSA to waive the SSI overpayment. (Decl. Ronda Qunitero ("Qunitero Decl."), ECF No. 13-1.)

In Plaintiff's opposition to the motion to dismiss, Plaintiff first appears to state the U.S. attorneys representing Defendant do not have personal jurisdiction, and argues that they cannot represent the acting commissioner in a personal capacity, and states she needs to read each attorney's contract for legal representation. (Pl. Opp'n Mot. Dismiss ("Opp'n") at 2, ECF No. 17.) Plaintiff then cites various provisions of rules, statutes, and cases pertaining generally to the subject of jurisdiction of the federal courts. (Opp'n at 3-4.) Plaintiff then states that Defendants ignore Plaintiff's "material facts, documented evidence, and proof of service," to the SSA office in Hanford, "to minimize this case by imposing what appears to be a 'Concert-of-Action.'" (Opp'n at 4 (capitalization altered).) Plaintiff then addresses Ronda Qunitero's declaration submitted by Defendant in support of its motion to dismiss by stating that: "[t]hen U.S. Attorneys get a Declaration from Social Security Office – Hanford, CA stating False Statements, and ignore Plaintiff Prose's Proof of Service and then the Declaration seems to show a conciliation of denying ever reviewing any of Plaintiff Prose's communications to a suggestion of a Settlement of a dispute by a mutual and friendly agreement with a view to avoid litigation."

1  (Opp'n at 5.)

2  The rest of Plaintiff's opposition to the motion to dismiss does not appear to directly

3  address the issue of jurisdiction or exhaustion of administrative remedies.  (Opp'n at 5-11.)  The

4  Court does note that Exhibit 4 to the opposition, and Exhibit 8 to Plaintiff's complaint, are copies

5  of a request for hearing by administrative law judge form, dated August 12, 2018, and written at

6  the top in handwriting are the words: "MAILED 8/13/18."  (Opp'n at 24; Compl. at 25.)

7  **B.      Judicial Review of Decisions by the Social Security Administration Generally**

8  Under the Social Security Act, a claimant may seek judicial review "after any final

9  decision of the Commissioner of Social Security made after a hearing to which he was a party . .

10  . by a civil action commenced within sixty days after the mailing to him of notice of such

11  decision or within such further time as the Commissioner of Social Security may allow."  42

12  U.S.C. § 405(g).  The statute continues: "No findings of fact or decision of the Commissioner of

13  Social Security shall be reviewed by any person, tribunal, or governmental agency except as

14  herein provided.  No action against the United States, the Commissioner of Social Security, or

15  any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to

16  recover on any claim arising under this subchapter."  42 U.S.C. § 405(h); see also Weinberger v.

17  Salfi, 422 U.S. 749, 760-61 (1975) (section 405(h) prevents review of the Secretary's decisions

18  except as provided in section 405(g)).

19  The Supreme Court has interpreted the requirement that there be a final decision to obtain

20  judicial review under section 405(g) as encompassing two elements: 1) a waivable requirement

21  that the administrative remedies required by the Social Security Act be exhausted; and 2) a non-

22  waivable requirement that there be a claim for benefits that was presented to the Commissioner.

23  Mathews v. Eldridge, 424 U.S. 319, 328 (1976); see also Kildare v. Saenz, 325 F.3d 1078, 1082

24  (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the

25  Commissioner, and (2) complete exhaustion of administrative remedies.").

26  The Supreme Court has recognized that "the doctrine of administrative exhaustion should

27  be applied with a regard for the particular administrative scheme at issue."  Weinberger v. Salfi,

28  422 U.S. 749, 765 (1975).  The requirement that a claimant may only appeal a final decision of

the Commissioner is a statutory specified jurisdictional requirement. Id. at 766. There is an exception to the administrative exhaustion requirement where the decision is challenged on constitutional grounds, and the Ninth Circuit has adopted a three-part test to determine whether a case merits judicial waiver of the exhaustion requirement: the claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility). Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). Waiver is not appropriate where the claimant has not satisfied all three elements. See Kaiser v. Blue Cross of Ca., 347 F.3d 1107, 1115-16 (9th Cir.2003) (finding collaterality but denying waiver because irreparability and futility were not met).

### C. Plaintiff's claims arise under the Social Security Act and Plaintiff has Failed to Exhaust Administrative Remedies

A claim arises under the Social Security Act when a plaintiff seeks to recover Social Security benefits or when the Act "provides both the standing and the substantive basis for" the claim. Weinberger v. Salfi, 422 U.S. 749, 760–61 (1975). Claims clearly "arise under" the Act "where an individual seeks a monetary benefit from the agency . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial". Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). Such a claim related to a monetary benefit "arises under" the Social Security Act "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." Id.

Plaintiff's claims arise under the Social Security Act because Plaintiff is specifically seeking that the Court review the SSA's decision regarding her benefits and grant Plaintiff a monetary benefit by reversing the SSA's decision to account for an alleged overpayment paid to Plaintiff, and reversing the SSA's decision concerning a reduction of her monthly benefits due to alleged changed conditions on the part of Plaintiff. Therefore, Plaintiff's claims appear on their face to clearly arise under the Act.

In order for the Court to have jurisdiction over a claim "arising under" the Social Security Act, the plaintiff must have exhausted the administrative remedies set forth in 42 U.S.C. §

405(g).  Under 42 U.S.C. § 405(g), a civil action against the SSA may be brought only after (1) the claimant has been party to a hearing held by the Commissioner of Social Security and (2) the Commissioner has made a final decision on the claim.  Califano v. Sanders, 430 U.S. 99, 108 (1977).  The Social Security regulations provide an administrative appeals process involving: (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council.  20 C.F.R. § 404.900(a)(1)-(4).  The regulations then state that after completing these steps, the agency will have made a "final decision," and the claimant can then request judicial review by filing an action in the district court.  20 C.F.R. § 404.900(a)(5).  "If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases . . . and [i]n administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies."  Sims v. Apfel, 530 U.S. 103, 107 (2000).

According to Ronda Qunitero, Operations Supervisor for the Hanford SSA office, based on her review of the records and information from personnel, Plaintiff has not filed either a request for reconsideration or request for hearing to appeal the assessment or recovery of the SSI overpayment, nor has she visited the Hanford office to discuss the overpayment since at least August 1, 2018, nor has she filed a request for SSA to waive the SSI overpayment.  (Qunitero Decl.)  As noted above, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage v. Glendale Union High School District No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).

In Plaintiff's opposition brief, she does not directly argue that she has exhausted her administrative remedies or that she mailed a request for reconsideration to the SSA office.  (See Opp'n.)  The Court must liberally construe the filings of a pro se plaintiff and the Court does note that Exhibit 4 to the opposition, and Exhibit 8 to Plaintiff's complaint, are copies of a

1  request for hearing by administrative law judge form, dated August 12, 2018, and written at the

2  top in handwriting are the words: "MAILED 8/13/18." (Opp'n at 24; Compl. at 25.) While this

3  may be construed as an argument that such form was mailed, it does not evidence exhaustion of

4  administrative remedies in a sufficient manner to counter the declaration submitted by

5  Defendant. Further, as explained in the following section, even if Plaintiff had in fact mailed the

6  form on August 13, 2018, Plaintiff still would not have exhausted her administrative remedies.

7  As a result, the Court finds that Plaintiff has failed to exhaust the administrative procedures and

8  appeals under 42 U.S.C. § 405(g) and (h). Due to Plaintiff's failure to exhaust his administrative

9  remedies, this Court finds it does not have jurisdiction to review the SSA's decision regarding

10  Plaintiff's benefits and will recommend that the District Judge dismiss this matter.

11        **D.**        **No Exception to Exhaustion is Applicable and Amendment is Futile**

12         The Ninth Circuit has adopted a three-part test to determine whether a case merits judicial

13  waiver of the exhaustion requirement: the claim must be (1) collateral to a substantive claim of

14  entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable

15  harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion

16  (futility). Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). A court must liberally construe

17  the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt.

18  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.2010). "A pro se litigant must be given leave to

19  amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint

20  could not be cured by amendment." Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

21  623 (9th Cir.1988) (citation and internal quotation marks omitted).

22         While Plaintiff's complaint mentions the Americans with Disabilities Act, the words due

23  process, civil rights, and couches her claim among a variety of grievances with the agency, her

24  grievances are "inextricably intertwined" with her claim for benefits and thus the action "arises

25  under" the Social Security Act. See Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1141-42

26  (9th Cir.2010); See also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (a

27  claim related to a monetary benefit "arises under" the Social Security Act "irrespective of

28  whether the individual challenges the agency's denial on evidentiary, rule-related, statutory,

constitutional, or other legal grounds.").  There is no indication that the claims as described in the complaint put forth any constitutional issue that is collateral to the substantive claim of entitlement.  A "mere allegation of a due process violation" is not a colorable constitutional claim.  Anderson v. Babbitt, 230 F.3d 1158, 1163 (9th Cir.2000) (citing Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir.1993)).  Rather, the claim must be supported by "facts sufficient to state a violation of substantive or procedural due process."  Anderson, 230 F.3d at 1163 (quoting Hoye, 985 F.2d at 992).

Further, Plaintiff has not demonstrated that her claims are colorable in showing that denial of relief will cause irreparable harm, or that resolution would not serve the purposes of exhaustion.  Even if the Court takes as true the handwritten notation on Exhibit 8 of her complaint and Exhibit 4 to her opposition that the request for reconsideration form was mailed on August 13, 2018, Plaintiff still has not received a final determination.  If it was in fact mailed and not received, Plaintiff could attempt to send the request form again to the SSA, and the SSA may or may not reject it as untimely.  The question of whether a rejection as untimely would be a final decision is not before the Court.  For these reasons, there is no indication that denial of relief would cause irreparable harm, and allowing this claim to move forward as presented is counter to the purposes of exhaustion, which allow for agencies to correct any potential mistakes or wrong decisions before involvement of the courts.  See Johnson, 2 F.3d at 922 (9th Cir. 1993).

Finally, there is no indication that an amendment could cure the failure to demonstrate waiver of the requirement for exhaustion, or cure the failure to exhaust administrative remedies.  Jurisdiction must exist at the time of filing of the action, and even if the request for reconsideration was mailed and received by the agency as of the date of the filing of this action, it does not appear the agency would have had a full opportunity to review the request for reconsideration.  At the time of the filing of this action, if Plaintiff had made an inquiry directly to the agency concerning whether they had received her request and the agency stated they did not receive the form, Plaintiff could have then simply mailed another request for reconsideration as she had sixty days to do so from the date of the initial notice which was dated August 4, 2018, whereas instead Plaintiff filed this action on September 13, 2018, apparently without inquiring

directly with the SSA office about whether they had received her request for reconsideration. (ECF No. 1 at 14-15.) Even if Plaintiff had attempted to exhaust her remedies after the filing of this action, exhaustion of administrative remedies during the pendency of an action does not cure the failure to exhaust prior to filing the action. See McNeil v. United States, 508 U.S. 106, 111-12 (1993); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Accordingly, allowing Plaintiff leave to amend would be futile because the Court lacks jurisdiction over Plaintiff's claims until she has exhausted her opportunity for administrative review with the Social Security Administration.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss this action for lack of jurisdiction (ECF No. 13) be granted;

2. Plaintiff's complaint be dismissed without prejudice as the Court does not have jurisdiction to review the decision of the Social Security Administration based on Plaintiff's failure to exhaust administrative remedies; and

3. The Clerk of the Court is directed to randomly assign this action to a district court judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**March 25, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE