# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY, | Case No. 1:18-cv-01244-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR ACCOMMODATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | (ECF No. 26) |
| Defendant. | |

**I.**

**BACKGROUND**

Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner" or "Defendant") related to her disability benefits pursuant to the Social Security Act. On March 8, 2019, Plaintiff submitted an AO88 form entitled "subpoena in a civil case," to the Court, which Plaintiff signed herself, despite the fact that she is *pro se*, and not an attorney or officer of the Court, and therefore the Court construed and docketed the submitted form as a request for subpoena. (Id.) On March 15, 2019, the Court denied the request for subpoena because review of social security decisions is generally limited to the administrative record, unless there is a demonstration that the record is incomplete, and no administrative record

has been filed in this matter yet. (ECF No. 22.) On March 22, 2019, Plaintiff filed a motion for reconsideration of the Court's March 15, 2019 order. (ECF No. 26.) In the same filing, Plaintiff adds in the caption what she titles a motion for accommodation from disabled person requesting court appearance via telephone and requesting help to schedule a motion calendar for summary/default judgment in this matter. (ECF No. 26.)

## II.

## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## III.

## DISCUSSION

In her motion, Plaintiff states that she understands the Court's explanation and appears to request clarification on who can sign the subpoena. (ECF No. 26.) Plaintiff does not appear to raise any other relevant arguments in support of her motion for reconsideration. Under Federal Rule of Civil Procedure 45(a)(3), the court clerk may sign the subpoena before issuing to a party requesting such subpoena, or an attorney authorized to practice in the issuing court may issue and sign a subpoena. As described in the Court's order denying the subpoena request, discovery is not generally permitted in actions involving review of social security decisions, and an administrative record has not been filed in this matter yet.

Plaintiff has not put forth "newly discovered evidence," has not shown that the Court

1  "committed clear error," nor shown "an intervening change in the controlling law."  <u>Marlyn
2  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal
3  quotations marks and citations omitted).  Therefore, Plaintiff's motion for reconsideration shall
4  be denied.

As to Plaintiff's motion for accommodation, there is no court hearing currently scheduled that would require Plaintiff to appear, nor a need to schedule a summary judgment hearing at this time. If a court hearing is scheduled in this matter and Plaintiff would like to appear telephonically, she can arrange to do so by contacting the Courtroom Deputy.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and motion for accommodation (ECF No. 26) are DENIED.

IT IS SO ORDERED.

Dated:  **March 26, 2019**

UNITED STATES MAGISTRATE JUDGE