# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COLLEEN M. COURTNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-01244-SAB<br><br>ORDER REQUIRING COMMISSIONER OF SOCIAL SECURITY TO FILE ADMINISTRATIVE RECORD OR RESPONSIVE PLEADING WITHIN SIXTY DAYS AND DENYING PLAINTIFF'S REQUEST FOR A SUBPOENA<br><br>(ECF No. 21) |
|---|---|

On September 13, 2018, Colleen M. Courtney ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). On February 19, 2019, the Commissioner moved to dismiss the action for lack of jurisdiction due to failure to obtain a final decision concerning the overpayment of Social Security benefits. On March 26, 2019, findings and recommendations issued recommending granting the motion to dismiss. The district judge adopted the findings and recommendations on April 29, 2019, and judgment was entered in favor of the Commissioner.

Plaintiff filed a notice of appeal on May 9, 2019, and on October 23, 2020, the Ninth Circuit Court of Appeal reversed. The mandate issued on December 15, 2020.

In the remand order, the Ninth Circuit found that "[t]he district court dismissed Courtney's action for lack of subject matter jurisdiction because it concluded that Courtney

failed to exhaust administrative remedies.  However, the district court treated Courtney's action as a challenge to the denial of SSI benefits rather than one alleging unauthorized recovery of overpayments." (Memorandum, 2, ECF No. 41.)

> Under 42 U.S.C. § 404, the SSA is prohibited from recovering overpayments made to a beneficiary until the SSA makes a pre-recoupment decision on the beneficiary's written reconsideration request and after an oral hearing on a request to waive recoupment.  See Califano v. Yamasaki, 442 U.S. 682, 693-94 (1979).  Moreover, if the SSA recovers an overpayment without rendering a decision on a claimant's preliminary request to waive recoupment, the jurisdictional requirements of 42 U.S.C. § 405(g) are met and an action in federal court can proceed.  See id. at 706.

(Memorandum, 2, ECF No. 41.)

The Ninth Circuit found that the record was insufficiently developed and suggested that the Court reconsider Plaintiff's request for discovery of the SSA's records into her correspondence with the agency.  (Id. at 3.)

The recovery of overpayments made to a beneficiary under old-age, survivors', or disability insurance programs of the Social Security Act are authorized by 42 U.S.C. § 404(a)(1). Califano, 442 U.S. at 684.   Section 404 "permits the Secretary to recoup  erroneous overpayments by decreasing future payments to which the overpaid person is entitled." Id.

In Califano, the Supreme Court addressed the issue of what was required to comply with the jurisdictional requirement for a recoupment claim to be a final decision.  Id. at 704.  The district court had certified a class action that was too broad because it included individuals who had not filed requests for reconsideration or waiver in the past and would not do so in the future. As to them, no 'final decision' concerning the right to a prerecoupment hearing has been or will be made." Id. at 704.  Since the procedure for claiming waiver involves a beneficiary filing a written request with the Secretary, the court did not have jurisdiction over those claimants that had failed to do so. Id. at 704; see also Scott v. Comm'r of Soc. Sec. Admin., No. 5:02-CV-581, 2002 WL 31164581, at *6 (N.D.N.Y. Sept. 30, 2002) ("Whether an overpayment must be repaid is considered an initial determination subject to administrative and judicial review.  See 20 C.F.R. § 416.1402(c)."  However, due to failure to request a hearing before an administrative hearing officer within the sixty day appeals period there was no final decision and claimant did

not meet jurisdictional requirement of 42 U.S.C. § 405(g).). In other words, to meet the jurisdictional requirement that the decision must be final, the claimant must have filed a written request for reconsideration or a written request for waiver of recoupment with the Secretary. See also Heckler v. Ringer, 466 U.S. 602, 604 (1984) (Because the plaintiff has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the non-waivable exhaustion requirement of § 405(g)); Bulletti v. Astrue, No. 12-682 MEJ, 2012 WL 4120536, at *5 (N.D. Cal. Sept. 19, 2012) (failure to completed the agency's review process precludes judicial review under § 405(g)).

In the motion to dismiss, Defendant submitted a declaration asserting that Plaintiff did not present a written reconsideration request. Therefore, based upon the standard set forth in Califano, a further motion to dismiss addressing the correct standard may be appropriate in this matter.

Additionally, the Circuit directed the court to reconsider Plaintiff's request for a subpoena seeking recordings of two phone calls that were placed on Wednesday, January 30, 2019 at 10:00 to 10:15 a.m. and 10:12-10:30 a.m. As this Court previously held, appeals in Social Security cases are generally limited to review of the administrative record and discovery is not allowed. (Order Denying Plaintiff's Request for Subpoena, 2-3, ECF No. 22.) Discovery is available in limited circumstances where necessary to develop the record. Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 24 (2000). The Third Circuit has recognized that

> while the regulations governing Social Security claim hearings provide for the issuance of subpoenas, they make no provision for discovery. See 42 U.S.C. § 405(d). The Social Security Act contains no provision for pre-hearing discovery, and the Administrative Procedure Act does not provide for it. Thus, like most federal administrative proceedings, no pre-hearing discovery is normally available. The provision in section 405(g) authorizing orders for the taking of additional testimony should not, in our view, be construed as a means whereby the discovery provisions of the Federal Rules of Civil Procedure may be imported into the administrative adjudication scheme of the Act.

Hummel v. Heckler, 736 F.2d 91, 93 (3d Cir. 1984).

Since "judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record[,]" Harman v. Apfel, 211 F.3d 1172, 1177 (9th Cir. 2000),

1  "where the express purpose of discovery is to place before the court, for its evaluation of the
2  merits of the administrative decision, additional evidence bearing on the issues adjudicated
3  therein, such discovery is not proper[,]" Dawson v. Bowen, 136 F.R.D. 618, 620 (S.D. Ohio
4  1988), amended sub nom. Dawson v. Sullivan, 136 F.R.D. 621 (S.D. Ohio 1991).

   In this instance, Plaintiff is seeking copies of two recordings of phone calls placed on January 30, 2019 to the Social Security Department.  (Subpoena in a Civil Case, ECF No. 21.) While Plaintiff is not seeking discovery that would go to the merits of the review, the records of telephone conversations on January 30, 2019, are irrelevant to any issue to be decided in this action.  Here, in order to establish that this Court has jurisdiction under section 405(g), Plaintiff must show that she submitted a written reconsideration request or made a written request to waive recoupment. 20 C.F.R. § 416.1409(a);  Califano, 442 U.S. at 704.  Therefore, whether Plaintiff called the Social Security Office on January 30, 2019, would not address whether she filed a written request for reconsideration or a request for a waiver of recoupment.  Accordingly, Plaintiff's request for a subpoena is denied.

   Based on the foregoing, IT IS HEREBY ORDERED that:

   1.   The Commissioner of Social Security shall file the administrative record or a responsive pleading within **sixty (60) days** of the date of entry of this order;

   2.   Plaintiff's request for a subpoena, filed March 8, 2019 is denied; and

   3.   The parties are directed to the scheduling order and informational order for pro se litigants that were issued on September 14, 2018.

IT IS SO ORDERED.

Dated:   **December 17, 2020**

                                         UNITED STATES MAGISTRATE JUDGE