1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   COLLEEN M. COURTNEY, | Case No.  1:18-cv-01244-NONE-SAB |
| 12              Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING |
| 13         v. | DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION |
| 14   COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 46) |
| 15 | |
| 16              Defendant. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |
| 17 | |

18
## I.

19
## INTRODUCTION

20      Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this

21   action seeking judicial review of the actions of the Commissioner of Social Security

22   ("Commissioner" or "Defendant"), in assessing and collecting Supplement Security Income

23   ("SSI") overpayments.   Currently before the Court is Defendant's motion filed pursuant to

24   Federal Rule of Civil Procedure 12(b)(1) for dismissal of this action on the basis that the Court

25   lacks subject matter jurisdiction over the case.  (ECF No. 46 at 2.)[1]  Defendant submits that

26   following the Ninth Circuit's decision on Plaintiff's appeal, Defendant waived all overpayments

27   
---

28   [1]  All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

on Plaintiff's record, rendering Plaintiff's claims regarding Defendant's alleged actions concerning the overpayments moot.  (Id.)

The Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Having considered the moving papers, the declaration and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations recommending that Defendant's motion to dismiss be granted and this action be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II.

## BACKGROUND

On September 13, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed this action seeking judicial review of the actions of Defendant regarding recovery of overpayment of Social Security benefits.  (ECF No. 1.)  On February 19, 2019, the Commissioner moved to dismiss the action for lack of jurisdiction due to failure to obtain a final decision concerning the overpayment of Social Security benefits.  (ECF No. 13.)  On March 26, 2019, findings and recommendations issued recommending granting the motion to dismiss.  (ECF No. 27.)  On April 29, 2019, the district judge adopted the findings and recommendations and judgment was entered in favor of the Commissioner.  (ECF Nos. 31, 32.)

On May 9, 2019, Plaintiff filed a notice of appeal.  (ECF No. 35.)  On October 23, 2020, the United States Court of Appeals for the Ninth Circuit vacated the decision of this district court and remanded the action for further proceedings.  (ECF No. 41.)  The mandate issued on December 15, 2020.  (ECF No. 42.)

In the remand order, the Ninth Circuit found that:

> The district court dismissed Courtney's action for lack of subject matter jurisdiction because it concluded that Courtney failed to exhaust administrative remedies.  However, the district court treated Courtney's action as a challenge to the denial of SSI benefits rather than one alleging unauthorized recovery of overpayments.  Under 42 U.S.C. § 404, the SSA is prohibited from recovering overpayments made to a beneficiary until the SSA makes a pre-recoupment decision on the beneficiary's written reconsideration request and after an oral hearing on a request to waive recoupment.  See Califano v. Yamasaki, 442 U.S. 682, 693-94 (1979).  Moreover, if the SSA recovers an overpayment without rendering a decision on a claimant's preliminary request to waive recoupment, the jurisdictional requirements of 42 U.S.C. § 405(g) are met and an action in federal

court can proceed. *See id.* at 706. The district court did not consider whether it could exercise subject matter jurisdiction on the basis that the SSA recovered overpayments without rendering a decision on Courtney's pre-recoupment requests for reconsideration and for a hearing, and the record is not sufficiently developed on these matters. Accordingly, we vacate the judgment and remand for the district court to consider in the first instance whether to exercise subject matter jurisdiction over Courtney's claim for unauthorized recovery of overpayments.

In light of our disposition, the district court should reconsider its denial of Courtney's requests for discovery into the SSA's records of her correspondence with the agency.

(ECF No. 41 at 2-3.)

On December 18, 2020, the Court issued an order requiring Defendant to either file an administrative record or a responsive pleading. (ECF No. 43.) The Court also reconsidered Plaintiff's previously filed request for a subpoena (ECF No. 21), denying the request as irrelevant to the pertinent issues in this action. (ECF No. 43 at 3-4.)

On February 8, 2021, Plaintiff filed a request for an extension of time to respond to the Ninth Circuit's decision and this Court's order to produce administrative records. (ECF No. 44.) The Court denied the request and notified Plaintiff that she was not required to respond within the sixty (60) day deadline stated in the Court's previous order, that she was not required to take any action, and that only Defendant was ordered to file a responsive pleading or the administrative record. (ECF No. 45.)

On February 12, 2021, Defendant filed the motion to dismiss that is currently before the Court. (ECF No. 46.) The Court allowed more than twenty-eight (28) days to pass to allow for the *pro se* Plaintiff to file an opposition to the motion, however, Plaintiff has not filed any opposition or response to Defendant's motion.

### III.

### LEGAL STANDARD

Federal courts are courts of limited jurisdiction with no inherent subject matter jurisdiction, and they can adjudicate only those cases that the Constitution and statutes empower them to adjudicate. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The courts' powers are "not to be expanded by judicial decree . . . [i]t is to be presumed that a cause

lies outside this limited jurisdiction . . .  and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Id. (action involving Rule 41 dismissal) (citations omitted); see also Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (noting same in regards to removal jurisdiction); Griffin v. W. Bay Properties, Inc., No. CV 10-7072 PSG FFMX, 2011 WL 2437493, at *1 (C.D. Cal. June 17, 2011) (noting same in context of 12(b)(1) motion to dismiss).

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision.*' "  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added) (quoting Lewis, 494 U.S. at 477).

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction either on the face of the pleadings (a "facial attack"), or by presenting extrinsic evidence for the court's consideration (a "factual attack"). Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When an attack is facial, the court confines its inquiry to allegations in the complaint, and when factual, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  Id. (citing Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 n.2 (9th Cir.2003)).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage, 343 F.3d at 1039 n.2 (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).

/ / /

/ / /

/ / /

4

1

## IV.

2

## DISCUSSION

3   **A.     Defendant's Arguments**

4          Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for dismissal of

5   this action on the basis that the Court lacks subject matter jurisdiction over the case.  (Def.'s

6   Mot. Dismiss & Mem. P. & A. ("Mot") 2, ECF No. 46.)  Defendant submits that following the

7   Ninth Circuit's decision on Plaintiff's appeal, Defendant waived all overpayments on Plaintiff's

8   record, rendering moot Plaintiff's claims regarding the Commissioner's alleged actions

9   concerning the overpayments.  (Id.)  Defendant argues the Court does not have jurisdiction over

10  Plaintiff's claims because there is no longer a judiciable case or controversy.

11         Specifically, following the Ninth Circuit's remand of this action to this Court for further

12  consideration of whether Defendant adequately considered any pre-recoupment requests by

13  Plaintiff for reconsideration, a hearing, or waiver of the overpayment, on November 13, 2020,

14  Defendant *sua sponte* waived all overpayments on Plaintiff's record, "[t]o avoid the burden of

15  continued litigation."  (Mot. 3; Decl. Ronda Quintero Supp. Def.'s Mot. Dismiss ("Quintero

16  Decl.") ¶ 3, ECF No. 46-1 at 1-2.)  On the same date, Defendant refunded the money that had

17  been withheld from Plaintiff's monthly benefits to recoup the alleged overpayments.  (Id.)  In

18  letters dated December 1, 2020, Defendant informed Plaintiff that the overpayments had been

19  waived and that she would not have to repay the money.  (Mot. 3; Quintero Decl. ¶¶ 4-5, Exs. A-

20  B, ECF No. 46-1 at 3-8.)

21         Defendant argues that the waiver and refund of the overpayments have rendered

22  Plaintiff's claims moot regarding such overpayments, and because there is no longer a live case

23  or controversy, this Court lacks subject matter jurisdiction and the complaint must be dismissed.

24  (Mot. 3-6, citing, e.g., Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 797-98 (9th Cir. 1999)

25  ("If an action or a claim loses its character as a live controversy, then the action or claim

26  becomes 'moot,' and we lack jurisdiction to resolve the underlying dispute.").)

27         Defendant acknowledges that Plaintiff's complaint alleged various grievances in

28  connection with Defendant's assessment and recovery of an SSI overpayment.  (Mot. 4.)  In

1   summarizing the gravamen of the complaint, Defendant notes that this Court previously framed

2   Plaintiff's action as seek the Court's review of "the SSA's decision regarding her benefits and

3   grant Plaintiff a monetary benefit by reversing the SSA's decision to account for an alleged

4   overpayment paid to Plaintiff, and reversing the SSA's decision concerning a reduction of her

5   monthly benefits due to alleged changed conditions on the part of Plaintiff," (ECF No. 27 at 10).

6   (Mot. 4.)   Defendant also notes that "[t]aking a different view, the Ninth Circuit thought

7   Plaintiff's complaint could be characterized as 'alleging unauthorized recovery of

8   overpayments,' " (ECF No. 41 at 2).  (Mot. 4.)  Defendant argues that under either interpretation,

9   the crux of the case was the assessment and recovery of SSI overpayments, and now that the

10  Defendant has waived all overpayments and returned all money that was withheld to recoup the

11  overpayments, there is no present controversy as to which effective relief can be granted,

12  rendering the case moot.  (Mot. 4-5.)

13      Defendant recognizes the exception to the mootness doctrine for "[i]ssues that are

14  'capable of repetition, yet evading review.' "  Madison Sch. Dist. No. 321, 177 F.3d at 798

15  (quoting Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997)).  This

16  exception "is limited to extraordinary cases in which (1) the duration of the challenged action is

17  too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the

18  plaintiffs will be subjected to the same action again."  Madison Sch. Dist. No. 321, 177 F.3d at

19  798 (quoting Am. Rivers, 126 F.3d at 1123).

20      Defendant submits that the first exception does not apply because this case has been

21  litigated to final judgments in this Court and the Ninth Circuit, and the fact Defendant decided to

22  take actions equivalent to settling the case does not mean the case has not been fully litigated,

23  Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1132 (9th Cir. 2005) ("There is no live

24  controversy before us because the parties' settlement agreement has resolved all facets of their

25  dispute and has thereby mooted this appeal.").  (Mot. 5.)

26      Defendant submits the second exception does not apply because Plaintiff will not be

27  subjected to the same action again, and to the extent Plaintiff objects to dismissal based on

28  actions that may (or may not) happen in the future, she cannot defeat mootness for her current

1  claims by speculating about hypothetical future claims, <u>Thomas v. Anchorage Equal Rights</u>
2  <u>Comm'n</u>, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) ("Our role is neither to issue advisory
3  opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies
4  consistent with the powers granted the judiciary in Article III of the Constitution.").   In this
5  regard, Defendant argues if Plaintiff wishes to raise any claims in the future, such claims would
6  depend on the particular fact pattern presented and she would need to exhaust the
7  Commissioner's administrative review process before seeking judicial review.  <u>See</u> 42 U.S.C. §§
8  405(g), 1383(c); 20 C.F.R. §§ 404.900(a)(1)-(5), 416.1400(a)(1)-(5).  (Mot. 6 n.2.)

9        **B.    The Court Recommends Granting Defendant's Motion to Dismiss**

10        In the findings and recommendations issued on Defendant's previous motion to dismiss,
11  the Court summarized Plaintiff's complaint, attached exhibits, and additional filing that was
12  docketed as a supplement to the complaint.  (ECF No. 27 at 2-6.)  As noted therein, the filings
13  were difficult to cohesively understand, but given the *pro se* status of Plaintiff, the Court
14  construed the filings liberally.  (ECF No. 27 at 2.)  The Court will not reproduce that full
15  summary here, but incorporates such discussion by way of reference.  (<u>Id.</u>)  However, as
16  significant to the instant motion, the Court will attempt to restate the most pertinent aspects of
17  the filings.

18        The complaint's initial caption page is titled "review of social security disability and
19  supplemental income discisions [sic]," and the initial three pages appear to be a proposed order,
20  with proposed relief centering around modification of social security benefits.  (Compl. at 1-3,
21  ECF No. 1 (capitalization altered).)  On page four is another caption which reads "review of
22  social security disability and supplemental security income decisions," "SSA Title II –
23  Violations," "SSA Title XVI – Violations," "SSA POMS – Violations," and "Civil Rights
24  Violations."  (Compl. at 4 (capitalization altered).)[2]

25        Plaintiff names three defendants: 1) the Social Security Office in Hanford, California; 2)
26  Deborah Stachel, identified as the Social Security Administration's Regional Chief Counsel; and

27  _____

28  [2]  "POMS" refers to the Program Operations Manual System which is used by the SSA to process claims for social security benefits.

3) "Vacant – Social Security Administration Acting Commissioner."  (Compl. at 4-5.)

Under jurisdiction, Plaintiff states: "This Action is seeking Court review of 'Non-Interactive Process' of the Social Security Office in Hanford . . . and Requesting . . . a Court Order to Halt current procedures and to Comply with the Plaintiff's Request for Hearings for Reconsiderations of SSA Decisions involving the issues stated in this Complaint, below." (Compl. at 6.)  Here Plaintiff also states the SSA has "already committed offenses against the SSA P.O.M.S the SSA Title XVI Under 42 U.S.C. sec. 405(g) . . . and SSA Title II under 42 U.S.C. sec. 1383 (c)(3) . . . [a]lso violating my Civil Rights and the American Disabilities Act, of which, I am, an Elder Disabled Nature Born Citizen of this State of CA and of the United States of America."  (Compl. at 6.)

Under the heading statement of claims, Plaintiff states that the SSA office in Hanford "has NOT PROVIDED AN INTERACTIVE PROCESS with Plaintiff Requests for 'Reconsiderations of Decisions' Request for Formal Conference as Dated on August 9th, 2018 – Regarding SSA Letter Dated August 4th, 018 – (EXHIBIT #1) . . . (EXHIBIT #2) Plaintiff's Response as requested by SSA Instructions."  (Compl. at 6.)

Under the heading legal issues, Plaintiff states violations of "SSA POMS: SI-02201025-(A)-Missing information in overpayment SSA letter.  Also, collection violations of SSR-79-4; SSA Act 207; 42-U.S.C. 407.652(B); 42 U.S.C. 407.659; 42 U.S.C. 407.662 (F) – Levying of benefits.  No response from this office.  To Plaintiff's Request.  August 10th, 2018- (Exhibit # 3 & 4) – This SSA Office mails a SSI Termination Letter (15 pages) – First page and page of problematic legal issues."  (Compl. at 6.)[3]

The complaint requested the following relief: 1) payments estimated at $20,969.00 for the period of 2016-2018, citing Exhibits 13 through 22; 2) that Defendant produce records from the 1990s to 2016 to complete under payment pay-offs; 3) a copy of the Social Security Handbook

---

[3]  The Court notes that SSR 79-4 deals with the general exemption of social security benefits from levy or garnishment, aside from certain exceptions, such as child support or delinquent taxes.  SSA Act 207 refers to 42 U.S.C. § 407, which provides that the right of benefit payments is not transferable or assignable, nor subject to levy or garnishment, unless the future law expressly refers to this provision.  The remaining codes referenced are cited incorrectly, but appear to refer to 42 U.S.C. §§ 652(b), 659, and 662(f), which pertain to certification of child support payments for collection, 42 U.S.C. § 652(b), income withholding for child support and alimony, 42 U.S.C. § 659, while 42 U.S.C. § 662(f) is a repealed statute that provided definitions for 42 U.S.C. § 659.

1   and POMS manual; 4) a court order halting the SSA office in Hanford from pursuing collections

2   and ordering compliance with denied conferences; 5) modification of Defendant's decision to

3   grant benefits starting at the federal rate of $750.00 per month, retroactive to the date of initial

4   disability; 6) compensation in the amount of $5,000.00 for filing this as a *pro se* litigant, plus

5   payments to the court and U.S. Marshal's office for services; 7) in addition to a reference to a

6   $500,000.00 out of court settlement offer.  (ECF Nos. 1 at 8-9; 27 at 4.)

7        As noted in the previous findings, the supplemental complaint appeared to allege claims

8   of fraud, embezzlement, and other criminal charges.  (ECF Nos. 25; 27 at 5-6.)  Plaintiff also

9   appeared to claim violations of universal human rights, the California state constitution, and the

10   laws of various states.  (Id.)

11        Based on the Court's review of Plaintiff's complaint, supplemental complaint, and

12   request for subpoena, as well as Defendant's motion to dismiss and the declaration and exhibits

13   attached thereto, the Court finds Defendant has provided relief for the primary claim brought by

14   Plaintiff pertaining to the return of Supplement Security Income overpayments.  Defendant has

15   established such overpayments have been waived and that it has returned all money that was

16   withheld to recoup the overpayments.  Given this, the Court finds Plaintiff's complaint no longer

17   presents an actual, ongoing case or controversy, and the Court no longer has subject matter

18   jurisdiction over this action.  See Kokkonen, 511 U.S. at 377; Lewis, 494 U.S. at 477.  As

19   Plaintiff has not filed any opposition to the motion to dismiss, she has not met her burden of

20   establishing subject matter jurisdiction.  See Kokkonen, 511 U.S. at 377 ("It is to be presumed

21   that a cause lies outside this limited jurisdiction . . .  and the burden of establishing the contrary

22   rests upon the party asserting jurisdiction."); Savage, 343 F.3d at 1039 n.2 ("Once the moving

23   party has converted the motion to dismiss into a factual motion by presenting affidavits or other

24   evidence properly brought before the court, the party opposing the motion must furnish affidavits

25   or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

26        The Court does not find the facts of this case extraordinary in any aspect that would

27   invoke the exception to the mootness doctrine for issues that are capable of repetition, yet

28   evading review.  See Madison Sch. Dist. No. 321, 177 F.3d at 798; Am. Rivers v, 126 F.3d at

1123.  Despite Defendant's argument (Mot. 5, citing <u>Gator.com</u>, 398 F.3d at 1132), the Court

does not find the Defendant's actions to completely equate with settling the case given the

parties did not agree to dismissal.  Nonetheless, the Defendant has waived all overpayments and

returned the entire amount of money previously withheld, which was the gravamen of the

complaint, and Plaintiff has not submitted any opposition to the current motion.

Further, while theoretically there could be a future dispute between these parties

concerning the amount of SSI benefits provided or withheld, as for the specific withholding of

overpayments involved here, the letters of decision sent to Plaintiff confirm that Plaintiff will not

have to pay these amounts back.  (ECF No. 46-1 at 4, 7.)  If there is a future dispute between the

parties concerning benefits, the Court presumes that such actions will be subject to a wholly

separate review process by the agency, and will be subject to any pre-recoupment requests for

reconsideration or a hearing.  (<u>See</u> ECF No. 41 at 2-3; 42 U.S.C. § 405(g) ("Any individual, after

any final decision of the Commissioner of Social Security made after a hearing to which he was

a party, irrespective of the amount in controversy, may obtain a review of such decision by a

civil action commenced within sixty days after the mailing to him of notice of such decision or

within such further time as the Commissioner of Social Security may allow."); 42 U.S.C. §

1383(c) ("Hearing to determine eligibility or amount of benefits; subsequent application; time

within which to request hearing; time for determinations of Commissioner pursuant to hearing;

judicial review."); 20 C.F.R. § 404.900(a)(1)-(5), 20 C.F.R. § 416.1400(a)(1)-(5).)[4]

---

[4] The regulations provide the following procedures for determining rights under Title II of the Social Security Act
and Title XVIII of the Social Security Act pertaining to Medicare:

(a) Explanation of the administrative review process. This subpart explains the procedures we follow in
determining your rights under title II of the Social Security Act. The regulations describe the process of
administrative review and explain your right to judicial review after you have taken all the necessary
administrative steps. These procedures apply also to persons claiming certain benefits under title XVIII of
the Act (Medicare); see 42 CFR 405.904(a)(1). The administrative review process consists of several steps,
which usually must be requested within certain time periods and in the following order:

(1) Initial determination. This is a determination we make about your entitlement or your
continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives
you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to
reconsider it.

Defendant does not specifically address in detail the issues relating to the *pro se* Plaintiff's other claims averred to in the filings, such as a discrimination claim under the Americans with Disabilities Act ("ADA"), civil rights violations, and allegations of fraud and criminal violations.  However, Defendant does state in a footnote that "[t]o the extent Plaintiff is seeking damages or other forms of relief, *see* Compl. at 5-6, such relief is not available under 42 U.S.C. § 405(g)."  (Mot. 4 n.1.)  The Court agrees.

"Sovereign immunity protects the United States and its agencies from suit unless there is a waiver [and] [t]he United States has waived sovereign immunity as to the Commissioner's final decisions denying Social Security benefits, allowing private parties to bring actions for judicial review under 42 U.S.C. § 405(g) and 405(h) of the Social Security Act."  Henderson v. Colvin, No. 6:14-CV-1053-PA, 2015 WL 6598713, at *1 (D. Or. Oct. 29, 2015) (citing Matthews v. Eldridge, 424 U.S. 319, 327 (1976)).  The statute provides that: "No findings of fact or decision of the Commissioner . . .shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).  As the Henderson court explained:

Congress strictly limits this court's jurisdiction over such action . . .

. . . Under these provisions, this court lacks subject matter jurisdiction over Plaintiff's claims for defamation, disability discrimination, and denial of subsidized housing.  These claims "arise under" the Social Security Act, for purposes of 405(h), because the Social Security Act "provides both the standing and the substantive basis for the presentation of" the claim. *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975).  The Supreme Court has explained that § 405(h) "channels" "virtually all legal attacks through the agency [and] assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case." *Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 12–13 (2000) (citation omitted).  Even though

---

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 404.900 (a).  20 C.F.R. § 416.1400(a) provides the same five steps but applies to Title XVI of the Social Security Act.

"the agency might not provide a hearing for [any] particular contention, or may lack the power to provide one ... [that] is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency." *Id.* at 23 (emphasis and citations omitted).

Here, subject matter jurisdiction over Plaintiff's disability discrimination claims would arise under 28 U.S.C. § 1331, federal question jurisdiction. But § 405(h) specifically "bars claims under § 1331 when the claims also arise under" the Social Security Act. *See Geschke v. Social Security Admin.* 2007 WL 1140281, at *10 (W.D. Wash. 2007). Because Plaintiff's disability discrimination claims are based on the denial of Social Security benefits, this court lacks jurisdiction over these claims.

As to Plaintiff's tort claims for defamation and slander based on the ALJ's credibility findings, Congress has waived sovereign immunity over tort claims against the United States for personal injury, death, or property damage. Federal Tort Claims Act, 28 U.S.C. § 1346(b). But § 405(h) "specifically deprives [this court] of subject matter jurisdiction over claims arising under 28 U.S.C. § 1346(b) when they also arise under Title II of the Social Security Act." *Geschke* at *11. Because Plaintiff's tort claims are intertwined with her claim for Social Security benefits, this court lacks subject matter jurisdiction over the tort claims.

Plaintiff's claims relating to housing may arise under state law, but the housing claims are also related to the denial of Social Security benefits. This court lacks subject matter jurisdiction over Plaintiff's housing claims.

Henderson, 2015 WL 6598713, at *2; see also Carlon v. Saul, No. 1:18-CV-01085-SKO, 2019 WL 4274091, at *14 (E.D. Cal. Sept. 10, 2019) ("Finally, in Plaintiff's complaint, he raises claims under the Americans with Disabilities Act . . .  and states that he is 'requesting a...class action' and '$1,000,000,000 in damages for ALL prior pro se disability claimants who could not reasonably access their SSA records . . . [t]hese claims in Plaintiff's complaint that are beyond his challenge to the ALJ's decision are not properly asserted in this Social Security Act review under 42 U.S.C. § 405(g)."); Mitchell v. Berryhill, No. 2:15-CV-0911-CKD, 2017 WL 387256, at *5 (E.D. Cal. Jan. 27, 2017) ("To the extent plaintiff requests that the court review other administrative actions beyond the ALJ's decision or seeks to assert other claims relating to discrimination or violations of her and her representative's due process rights, this action is not the appropriate vehicle to assert those claims [and] [a]cting pursuant to § 405(g), this court lacks jurisdiction to address such claims and arguments."); Geschke v. Soc. Sec. Admin., No. C06-1256C, 2007 WL 1140281, at *11 (W.D. Wash. Apr. 17, 2007) ("Accordingly, because Congress has not specifically waived sovereign immunity as to the SSA, this Court has no subject matter jurisdiction over the SSA for an ADA claim in any event."); Yellen v. Soc. Sec.

1   Admin., No. CV 18-00422 ACK-RT, 2019 WL 3767459, at *7 (D. Haw. Aug. 9, 2019)

2   ("Although the Social Security Act and the ADA are both statutes that concern disabled

3   individuals, Defendant has pointed out, Motion at 6–7, n.2, that the Commissioner has waived

4   sovereign immunity only for final decisions subject to judicial review under 42 U.S.C. § 405(g) .

5   . . [a]ccordingly, the Court concludes that it lacks jurisdiction to adjudicate Plaintiff's claim that

6   the Commissioner of the Social Security Administration somehow violated the ADA by denying

7   Plaintiff's application for SSDI benefits."), aff'd sub nom. Yellen v. Saul, 820 F. App'x 615 (9th

8   Cir. 2020).

9       Similarly, Plaintiff's reference to criminal statutes as a basis for her supplement to the

10  complaint would not establish jurisdiction as the Court lacks jurisdiction to entertain such claims

11  brought by private individuals rather than a government agency.  See McKeague v. Matsuura,

12  No. CIV.08-00571ACKKSC, 2009 WL 89112, at *1 (D. Haw. Jan. 12, 2009) ("To the extent

13  that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal

14  statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks

15  jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather

16  than a governmental agency.") (citing United States v. Nixon, 418 U.S. 683, 693 (1974)).

17      Based on all of the above findings, the Court recommends Defendant's motion to dismiss

18  be granted.  The Court allowed more than twenty-eight (28) days to pass from the time of the

19  filing of Defendant's motion to dismiss, to allow for Plaintiff to file any opposition.  Plaintiff has

20  not filed any opposition or response to the Defendant's motion to dismiss, and thus the Court

21  considers the motion to be unopposed.  Further, as stated herein, Plaintiff shall also be allowed

22  an additional twenty-one (21) days from the date of service of this order to file any objections to

23  these findings and recommendations and the recommendation that Defendant's motion to

24  dismiss be granted and this case be closed for lack of subject matter jurisdiction.

25  / / /

26  / / /

27  / / /

28  / / /

13

**V.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be GRANTED and this action be dismissed for lack of subject matter jurisdiction.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2021**

UNITED STATES MAGISTRATE JUDGE

14