UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:18-cv-01244-NONE-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE AND CLOSE THIS CASE<br><br>(Doc. Nos. 46, 47, 48) |

Plaintiff Colleen M. Courtney ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on September 13, 2018 seeking judicial review of the actions of defendant Commissioner of Social Security ("defendant") in assessing and collecting Supplement Security Income ("SSI") overpayments.[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] Plaintiff's complaint identified the following defendants: (1) Social Security Office, Hanford, County of Kings; (2) Deborah L. Stachel, Regional Chief Counsel for the Social Security Administration; and (3) "Vacant," Social Security Administration, Acting Commissioner, Baltimore Maryland. (Doc. No. 1 at 1-5.) "However, the only proper defendant in an action seeking judicial review of an administrative decision to deny benefits is the Commissioner of Social Security." *Caglia v. Appeals Council Off. of Disability Adjudication & Rev.*, No. 1:19-CV-1376- JLT, 2019 WL 5189202, at *2–3 (E.D. Cal. Oct. 15, 2019); *see also Cofer v. Astrue*, No. 1:08-cv-00991-LJO-SMS, 2008 WL 2875803, at *3 (E.D. Cal. July 24, 2008).

Plaintiff's complaint alleges that defendant recovered SSI overpayments without proper authorization. In February 2019, defendant moved to dismiss the complaint for lack of subject matter jurisdiction on the basis that plaintiff had failed to obtain a final administrative decision concerning the overpayment of social security benefits before filing this suit. (Doc. No. 13.) Judgment was thereafter entered in favor of the defendant, and plaintiff appealed. (Doc. Nos. 31, 32.) The Ninth Circuit vacated the judgment and remanded the action for further proceedings to consider whether the Social Security Administration recovered overpayments without rendering a decision on plaintiff's pre-recoupment requests.[2] (Doc. Nos. 35, 42.) This court subsequently ordered the defendant to either file an administrative record or responsive pleading within sixty days. (Doc. No. 43.)

On February 12, 2021, defendant again filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 46.) Defendant argues that plaintiff's claims regarding overpayments have been rendered moot, because all overpayments on plaintiff's record have been waived. Defendant further asserts that plaintiff was refunded any money that had been withheld from her to recoup the alleged overpayments. (Doc. No. 46-1 at ¶ 3.) Plaintiff did not respond to defendant's motion to dismiss. On March 23, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss be granted. (Doc. No. 47.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 14.) On April 22, 2021, and June 17, 2021, after the period to file objections had expired, plaintiff filed untimely objections to the findings and recommendations. (Doc. No. 48.) Plaintiff's belated objections to the magistrate's findings and recommendations focused primarily on issues of discovery and alleged perjury by defendant. (*See* Doc. Nos. 47, 48.) These objections are not relevant to the issue of jurisdiction addressed in the pending findings and recommendations. Defendant did not file objections or otherwise respond to plaintiff's objections.

---

[2] If the Social Security administration had recovered overpayment without rendering a decision on plaintiff's preliminary request to waive recoupment, the court would have jurisdiction pursuant to 42 U.S.C. § 405(g).

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, including consideration of the late-filed objections by the *pro se* plaintiff, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on March 23, 2021, (Doc. No. 47), are adopted in full;
2. Defendant's motion to dismiss filed on February 12, 2021, (Doc. No. 46), is granted;
3. This action is dismissed due to the lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to assign a district judge to this matter for the purposes of closure and then to close this case.

IT IS SO ORDERED.

Dated: **September 21, 2021**

UNITED STATES DISTRICT JUDGE